IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN TITUS, | |
| Plaintiff, | 8:22CV313 |
| vs. | |
| FRANCIE C. RIEDMANN, J., in their official capacities; FRANKIE J. MOORE, J., in their official capacities; and DAVID K. ARTERBURN, J., in their official capacities; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2; *see also* Filing No. 4, and Request for Initial Review and Determination of PLRA Applicability, Filing No. 5. Plaintiff filed a pleading entitled "Complaint and Request for Declaratory Judgment; Preliminary Inunction; or Writ of Mandamus" in which he challenges the disposition of his state postconviction appeal by Defendants, each of whom are judges on the Nebraska Court of Appeals. Filing No. 1. Plaintiff seeks to proceed IFP in this matter but maintains that the filing fee payment provisions of the Prison Litigation Reform Act ("PLRA") should not apply to him because he seeks a writ of mandamus directed to the Defendants to address the disposition of his state postconviction criminal appeal. Filing No. 5.

The PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The PLRA does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The Eighth Circuit Court of Appeals has found that

the PLRA includes "a mandamus petition arising from an ongoing civil rights lawsuit . . . ." *Id.* The Eighth Circuit has not decided whether the PLRA applies to a mandamus petition when the underlying litigation is a civil habeas corpus proceeding. *Id.* Accordingly, because Plaintiff's mandamus petition challenges his state criminal proceedings, the Court will not apply the PLRA to Plaintiff and he will not be required to pay the filing fee. Plaintiff is warned that he may be subject to the PLRA and responsible for the full filing fee if his mandamus petition seeks "relief sought in civil actions that are covered by the PLRA." *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016) (quoting *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996)); *see also Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); *In re Stone*, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); *In re Tyler*, *supra* (same); *cf. Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). *But see Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996).

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

    2.    Plaintiff's Request for Initial Review and Determination of PLRA Applicability, Filing No. 5, is granted consistent with this Memorandum and Order.

Plaintiff is advised that the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 21st day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge